

**WALSH**
PIZZI
O'REILLY
FALANGA

ONE RIVERFRONT PLAZA
1037 Raymond Blvd., Suite 600
Newark, NJ 07102

T: 973.757.1100
F: 973.757.1090

**WALSH.LAW**

Liza M. Walsh
Direct Dial: (973) 757-1101
lwalsh@walsh.law

May 31, 2018

*Via ECF*
Hon. Brian R. Martinotti, U.S.D.J.
Hon. Lois H. Goodman, U.S.M.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

> Re: ***Cottrell et al. v. Alcon Labs., et al.***,
> <u>Civil Action No. 14-5859</u>

Dear Judge Martinotti and Judge Goodman:

This firm represents Defendants Pfizer Inc., Valeant Pharmaceuticals International, Inc., Bausch & Lomb Incorporated, and Aton Pharma Inc., in the above-captioned matter. The parties disagree on whether this Court should stay discovery pending consideration of Defendants' forthcoming Rule 12(b)(6) motions to dismiss, and submitted letters related to Defendants' stay request on April 6, April 16, May 24, and May 29, 2018. (ECF Nos. 129, 130, 136, 137.)

On behalf of all Defendants, we respectfully submit this letter to correct a misstatement contained in Plaintiffs' May 29, 2018 letter to this Court. (ECF No. 137.) Plaintiffs' letter—which restates their opposition to a stay of discovery pending further briefing and resolution of Defendants' Rule 12(b)(6) motions—asserts that Defendants, in their letters requesting the discovery stay, "do not argue that their motion [to dismiss] is likely to prevail . . . , but merely that a stay would save them 'significant costs associated with discovery while potentially dispositive motions are outstanding.'" (*Id.*) That is not accurate. In their April 6, 2018 letter brief (which Defendants incorporated by reference in their May 24, 2018 letter) (*see* ECF Nos. 129, 136), Defendants expressly argued that a stay of discovery is warranted because their Rule 12(b)(6) arguments have "real potential to result in the complete dismissal of Plaintiffs' claims," and noted that the Third Circuit, while reversing this Court's determination that Plaintiffs lacked Article III standing, acknowledged the possibility that Plaintiffs' claims could be dismissed under Rule 12(b)(6) on remand. (ECF No. 129 at 4-5 (citing *Cottrell v. Alcon Labs.*, 874 F.3d 154, 170 (3d Cir. 2017).) Defendants also explained that in a case involving identical claims—brought by this same Plaintiffs' counsel against Defendants—another district court granted Defendants' motion to dismiss on preemption grounds. *See id*. at 5 (citing *Gustavsen v. Alcon Labs., Inc.*, 272 F. Supp. 3d 241 (D. Mass. 2017), *appeal filed*, No. 17-2066 (1st Cir. Oct. 27, 2017)).

Hon. Brian R. Martinotti, U.S.D.J.
Hon. Lois H. Goodman, U.S.M.J.
May 31, 2018
Page 2

Thus, contrary to the representation in Plaintiffs' May 29, 2018 letter, Defendants did argue that they are likely to succeed on their Rule 12(b)(6) motions. And Plaintiffs have not explained why Defendants' arguments are unlikely to result in dismissal here, particularly in the face of several federal court decisions adopting these same arguments. To date, Plaintiffs' counsel has filed four other federal lawsuits asserting similar or identical claims against pharmaceutical companies in which Rule 12(b)(6) motions have been decided. In three of these four cases, the district courts granted the motions, dismissing the lawsuits in their entirety with prejudice. *See Gustavsen*, 272 F. Supp. 3d 241 (dismissing identical claims on preemption grounds); *Thompson v. Allergan USA, Inc.*, 993 F. Supp. 2d 1007 (E.D. Mo. 2014) (dismissing similar claims on preemption grounds and for failure to allege "ascertainable loss"); *Carter v. Alcon Labs., Inc.*, 2014 WL 989002, at *4 (E.D. Mo. Mar. 13, 2014) (dismissing similar claims for failure to allege "ascertainable loss"). In the fourth case (*Eike v. Allergan*, 850 F.3d 315 (7th Cir. 2017)), while the district court initially denied the Rule 12(b)(6) motion, the Seventh Circuit ultimately ruled that the plaintiffs, in addition to having no "standing to sue," had "no cause of action," and dismissed that case with prejudice too. *Id.* at 318.

For these reasons, and for those stated in Defendants' April 6, 2018 and May 24, 2018 letters to this Court, a stay of discovery should be granted pending the briefing and resolution of Defendants' motions to dismiss. We thank Your Honors for your time and attention to this matter.

Respectfully submitted,

*s/ Liza M. Walsh*

Liza M. Walsh

cc:  All Counsel of Record (via ECF)